IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDUL RAHEEM GHULAM RABBANI, *et al.* <br> *Petitioners*, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br><br> *Respondents*. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 05-01607-RMU |

**PETITIONERS' MOTION FOR THE IMMEDIATE
ISSUANCE OF A WRIT OF *HABEAS CORPUS* PURSUANT TO 28 U.S.C. § 2243
OR, ALTERNATIVELY, TO ISSUE AN ORDER TO SHOW CAUSE AND FOR
AN ORDER THAT RESPONDENTS FURNISH PETITIONERS WITH
<u>APPLICABLE FACTUAL RETURNS</u>**

Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani, together with Next Friends Malika and Fouzia Ahmmed as co-Petitioners, by and through undersigned counsel, request this Court to issue forthwith a writ of habeas corpus, pursuant to 28 U.S.C. § 2243, returnable in three days, in order to proceed to a hearing on the merits of their Petition. Alternatively, the Petitioners seek forthwith the issuance of an order to show cause why a writ of habeas corpus should not be granted, returnable in three days. In support of their motion, the Petitioners state the following:

1.    Mr. Abdul Raheem Ghulam Rabbani and Mr. Ahmmed Ghulam Rabbani are prisoners at Guantánamo Bay Naval Station, Guantánamo Bay, Cuba ("Guantánamo"). On information and belief, they have been imprisoned by the United States since sometime after their arrests in Pakistan. On information and

1

belief, they have been imprisoned by the United States for approximately three years. During that entire time, they have been held virtually *incommunicado*.

2.     On August 11th, 2005, undersigned counsel filed a Petition for Writ of *Habeas Corpus* and Complaint for Declaratory and Injunctive Relief (the "Petition") on behalf of Petitioners Rabbani and Next Friends Malika and Fouzia Ahmmed. The Petition contests both the fact of Abdul Raheem Ghulam Rabbani's and Ahmmed Ghulam Rabbani's incarceration as well as their inhumane treatment, which violates the constitution and laws of the United States, the Uniform Code of Military Justice, specified treaties to which the United States is a party, and various principles of international law, as set forth more fully in the Petition.

3.     Pursuant to 28 U.S.C. § 2243, "a court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled hereto."

4.     There should no longer be any doubt that the detained petitioners are entitled to challenge their incarceration; the United States Supreme Court has so determined. *Rasul v. Bush*, No. 03-334, 542 U.S. 466, 124 S. Ct. 2686, 2699 (2004).  Further, the Government has agreed that "§ 2241 and its companion provisions [including § 2243] provide at least a skeletal outline of the procedure to be afforded a petitioner in federal *habeas* review." *Hamdi v. Rumsfeld*, No. 03-6696, 542 U.S. 507, 124 S.Ct. 2633, 2644 (2004).  Accordingly, the Petitioners respectfully suggest that this Court

is required forthwith either to issue the writ or order the government to show cause why the writ should not be granted.

5.  Pursuant to 28 U.S.C. § 2243, the writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *See Simspon v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993), *cert. denied*, 510 U.S. 983 (1993) (district court complied with the "forthwith" requirement when the show cause order was issued 21 days after the petition was filed and only eight days after the matter was referred to the magistrate judge).

6.  The Petitioners request that the writ or, alternatively, the order to show cause be returnable within three days. The original petition was filed, and served on the United States Attorney by hand, pursuant to Rule 4(i)(1)(A), on the same date that the Petition was physically filed, on August 11th, 2005. Service also was effected the same day through certified mail pursuant to Rule 4(i)(1)(B), on the United States Attorney General. Service was effected on the Commander of the Joint Task Force at GTMO and the JDOG Commander at GTMO by registered mail on the same day. Each Respondent was also individually served by U.S. certified mail.

7.  Equally important is that the United States has, on information and belief, imprisoned and interrogated Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani already, possibly for three years or more. On information and belief, the government has interrogated Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani on numerous occasions and is well aware of the factual bases that allegedly support their continued imprisonment. The

3

Department of Defense has held so-called "military tribunal" hearings at which each detainee's "enemy combatant" status, and their detention generally, was reviewed. *See U.S. to Release 3 Guantánamo Detainees*, Reuters, Feb. 4, 2005 ("The status hearings before panels of three military officers were finished at Guantánamo before [Judge] Green ruled" on January 31, 2005; Pentagon Spokesman Lt. Cmdr. Daryl Borgquist is quoted as follows: "It's a matter of processing the paperwork now because the tribunals have all occurred.").

8.     Because the Government has already evaluated the "enemy combatant" status of Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani and conducted levels of review that presumably included evidence sufficient to justify the Government's determinations, and since they continue to be held, there is no basis for the Government to claim that it needs more time to comply with the Supreme Court's directive to allow detained prisoners to test the basis for their detention. Accordingly, there is no reason to delay issuance of the Writ or an Order to Show Cause or the Government's response to it.

9.     Through its filings in other, parallel cases, it appears that the Government may be attempting to preempt this Court from hearing the *habeas corpus* petitions filed in cases involving Guantánamo Bay detainees. By implementing the truncated procedures apparently being used in the "military tribunal"-type hearings, the Government seeks to perpetuate the existence of a prison beyond the reach of Article III courts, a position that the Supreme Court resoundingly rejected in ruling that United States courts have jurisdiction to hear challenges to the legality of such detentions.

10.     The facts in this case require that the matter be handled expeditiously.  In one remarkable recent account, it was reported that of those currently held at Guantánamo Bay, the United States military's own "[c]ommanders now estimate that up to 40% of the 549 current detainees probably pose no threat and possess no significant information." *See* Wall Street Journal, January 26, 2005, at A1.  Even more stunning, "Military officials at Guantánamo say they have specifically recommended the release of about 100 of those men.  But after a year of delay, the Pentagon, which makes the final call, has yet to act." *Id.*  This Court should not in good conscience allow this state of affairs to continue.  As indicated above, Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani challenge their wrongful imprisonment, which Petitioners submit has been without basis, without charge, without access to counsel and without being afforded any fair process by which they might challenge their designation or detention.  That imprisonment has now apparently lasted years.

11.     A number of detainees have been determined by the CSRT not to be enemy combatants.  These detainees continue to be held.  Without access to these records and determinations, there is no way for habeas counsel or petitioners to know that they have been found not to be enemy combatants.  *See 15 Muslims, Cleared of Terrorism Charges, Remain at Guantánamo with Nowhere to go,* Wash. Post, Aug. 24, 2005; *Menheld at Guantánamo Months After Deemed Innocent,* The New Standard, Aug. 17th, 2005.  Where there is no order to provide petitioners' counsel with factual returns, there is no assurance that counsel or petitioners be notified if a detainee is found not to be an enemy combatant.  See Transcript of Motion Hearing,

5

*Qassim, v. Bush,* C.A. No. 05-0497(JR) (Aug. 1, 2005), at 20:20-21:12. The inability to provide effective assistance of counsel in the absence of such information is obvious.

12.     Petitioners also challenge the conditions of Petitioners Abdul Raheem Ghulam Rabbani's and Ahmmed Ghulam Rabbani's incarceration. Based on information obtained from former prisoners at Guantánamo Bay who have been released, there is a strong likelihood that Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani have been subjected to cruel and degrading treatment at the express direction of United States officials for the purpose of obtaining information and confessions, a practice that directly contravenes applicable domestic, military and international law. For example, a recently declassified summary of detainees' statements indicates that detainees were, among other wrongs, beaten while praying, choked and hit until unconscious, short shackled on the ground for approximately 16 hours, made to observe a male and female interrogator who appeared to be having sex, threatened with rape, had family threatened, and injected with unknown substances. *See* Exhibit A, Declaration of Joshua Colangelo-Bryan.[1] Recently, the United States military announced it needed to extend by four weeks its investigation into FBI allegations that prisoners were tortured at Guantánamo. That investigation was ordered after the public release of FBI documents describing prisoners shackled in a fetal position on the floor for up to 24 hours and left in their own urine and feces. *See Military Extends Guantánamo Abuse Probe,* Reuters, February 2, 2005. *See also id.* ("Several former prisoners have said they were beaten, threatened with dogs and

---

[1] All referenced Exhibits are attached to the accompanying Declaration of Reena Gambhir in Support of Petitioners' Motion.

subjected to freezing temperatures, and the International Committee of the Red Cross has said their treatment was 'tantamount to torture.'"); *Videos Show Guantánamo Prisoner Abuse,* AP, Feb. 1, 2005 ("Videotapes of riot squads subduing troublesome terror suspects at the U.S. prison camp at Guantánamo Bay show the guards punching some detainees, tying one to a gurney for questioning and forcing a dozen to strip from the waist down, according to a secret report.")

13.  Press reports also reveal that the conditions at Guantánamo Bay, coupled with the prospect of indefinite detention, have resulted in numerous suicide attempts by the detainees. *See Guantánamo Suicide Attempts Rise to 31*, AP, August 20, 2003. As this Court is doubtlessly aware, there is also a hunger strike going on at Guantánamo among the detainees. According to a recent New York Times report, as many as 200 detainees may be participating in this hunger strike in protest of unacceptable conditions of confinement and being held without charges. *See Guantánamo Prisoners Go on Hunger Strike*, N.Y. Times, Sept. 18, 2005. This hunger strike has already caused many detainees to require medical intervention. *Id*. On information and belief, the health and mental condition of Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani will be placed at risk if their incarceration is allowed to continue without review and remedial measures ordered by this Court.

14.  Orders to show cause and to furnish applicable factual returns have been granted in many Guantánamo *habeas* cases, including cases pending in this Court. *See Al-Subaiy et. al. v. Bush.,* C.A. No. 05-1453 (RMU) (Dkt. 14); *Hatim v. Bush*, C.A. No. 05-1429 (RMU) (Dkt. 16); *Batarfi v. Bush*, C.A. No. 05-409 (EGS); *Al-Wazan v. Bush*, C.A. No. 05-0329 (PLF); *Battayav v. Bush*, C.A. No. 05-0714

7

(RBW); *Al Mohammad v. Bush,* C.A. No. 05-0247 (HHK); *Al Joudi v. Bush*, C.A. No. 05-0301 (GK); *Ameziane v. Bush*, C.A. No. 05-0392 (ESH); *Abdullah v. Bush*, C.A. No. 05-023 (RWR); *Al-Oshan v. Bush,* C.A. No. 05-0520 (RMU) (Dkt. 8); Orders attached as Exhibits[2].

15.  As this Court reasoned in *Al-Subaiy et al.*:

> The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. … Finally, the government's generic references to the expenditure of its resources and a "logistical burden" does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

(citations omitted) See Exhibit B at 3.

WHEREFORE, for the above-stated reasons and for any other reason that may become known to the Court, Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani and Next friends Malika and Fouzia Ahmmed respectfully request that this Court issue either a writ of *habeas corpus* or an order to show cause to the defendants, either of which should then be ordered returnable within three days of this Court's issuance, and order respondents to provide petitioners' counsel with all factual returns concerning Petitioners Abdul Raheem Ghulam Rabbani and Ahmmed Ghulam Rabbani.

Dated: September 23rd, 2005                    Respectfully submitted,

                                                Counsel for Petitioners:

---

[2] All Court Orders referenced herein are compiled and attached for ease of reference to the Declaration of Reena Gambhir at Exhibits B-J.

8

           /s/
Michael D. Hausfeld (DC153742)
Agnieszka M. Fryszman (DC459208)
Matthew K. Handley (DC489946)
Reena Gambhir
COHEN MILSTEIN HAUSFELD & TOLL, P.L.L.C.
1100 New York Ave, Suite 500 West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699


John Holland (CO 5246)
Anna Cayton-Holland (CO 35811)
LAW OFFICES OF JOHN HOLLAND
2150 W. 29th Ave, Suite 500
Denver, CO 80211
Tel: (303) 860-1331
Fax: (303) 832-6506

*Of Counsel*
Atif Ali Khan
ATIF ALI KHAN & ASSOCIATES
Advocates & Legal Consultants
Suite #9, First Floor
Cantonment Plaza, Saddar Road
Peshawar,
Pakistan
Tel: (92-91) 279 007
Fax: (92-91) 279 006

Barbara Olshansky (NY0057)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

9