# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ABDUL TAHEEM GHULAM RABBANI, et al. )
                                    )
Petitioners,                        )
                                    )    Civil Action No. 05-0492 (RMU)
        v.                          )
                                    )
GEORGE W. BUSH, et al.              )
                                    )
Respondents.                        )

## DECLARATION OF REENA GAMBHIR

I, Reena Gambhir, under the pains and penalties of perjury, declare and say:

1.    I am an attorney in the firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C., and counsel for Petitioners Abdul Raheem Ghulam Rabbani, Malika, Ahmmed Ghulam Rabbani, and Fouzia Ahmmed. I am submitting this declaration in support of Petitioners' Motion for the Immediate Issuance of a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2243 Or, Alternatively, To Issue An Order To Show Cause And For An Order That Respondents Furnish Petitioners With Applicable Factual Returns.

2.    Attached as Exhibit A is a true and correct copy of the Declaration of Joshua Colangelo-Bryan.

3.    Attached as Exhibit B is a true and correct copy of the Memorandum Order, *Al-Subaiy v. Bush*, C.A. No. 05-1453 (RMU), Sept. 19, 2005.

4.    Attached as Exhibit C is a true and correct copy of the Memorandum Order, *Hatim v. Bush*, C.A. No. 05-1429 (RMU), Aug. 22, 2005.

5.    Attached as Exhibit D is a true and correct copy of the Order, *Al-Wazan v. Bush*, C.A. No. 05-0329 (PLF), June 14, 2005.

6.    Attached as Exhibit E is a true and correct copy of the Order, *Battayav v. Bush*, C.A. No. 05-714 (RBW), May 18, 2005.

7.    Attached as Exhibit F is a true and correct copy of the Memorandum Order, *Al-Mohammed v. Bush*, C.A. No. 05-00247 (HHK), Apr. 30, 2005.

8.    Attached as Exhibit G is a true and correct copy of the Order, *Al Joudi v. Bush*, C.A. No. 05-301 (GK), Apr. 29, 2005.

9.     Attached as Exhibit H is a true and correct copy of the Order, *Ameziane v. Bush*, 05-0392 (ESH), Apr. 12, 2005.

10.    Attached as Exhibit I is a true and correct copy of the Memorandum Order, *Abdullah v. Bush*, C.A. No. 05-23 (RWR), Apr. 8, 2005.

11.    Attached as Exhibit J is a true and correct copy of the Order, *Al-Oshan v. Bush*, C.A. 05-520 (RMU), Mar. 22, 2005.


Signed under the pains and penalties of perjury, this 23rd day of September, 2005.


                                        /s/
                            _____
                                  Reena Gambhir

2

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AHAMED ABDUL AZIZ, and**<br>**SABIHA AWAD HADRAMI** | )<br>)<br>) |
| **Petitioners,** | )<br>) **Civil Action No. 05-0492 (EGS)** |
| **v.** | )<br>) |
| **GEORGE W. BUSH, et al.** | )<br>) |
| **Respondents.** | ) |

### DECLARATION OF JOSHUA COLANGELO-BRYAN

JOSHUA COLANGELO-BRYAN declares as follows:

1. I am an attorney with Dorsey & Whitney LLP, counsel for certain Guantanamo Bay detainees. I submit this declaration in support of Petitioners' Motion for the Immediate Issuance of a Writ of *Habeas Corpus* Pursuant to 28 U.S.C. § 2243 Or, Alternatively, to Issue an Order to Show Cause.

2. During client interviews, one client told Dorsey & Whitney LLP that at Guantanamo Bay he has been beaten while praying, choked and hit until unconscious, short shackled to the ground for approximately 16 hours, made to observe a male and a female interrogator who appeared to be having sex, and had his family threatened.

3. During client interviews, another client told Dorsey & Whitney LLP that at Guantanamo Bay he has been threatened with rape and injected with unknown substances.

4. The statements described in paragraphs 2 and 3 above have been deemed "unclassified" by the Department of Defense.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 15th day of March, 2005 at New York, New York.

_____
Joshua Colangelo-Bryan

**EXHIBIT B**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NASSER MAZYAD ABDULLAH AL-SUBAIY *et al.*, | : | | |
| | : | | |
| Petitioners/ Plaintiffs, | : | Civil Action No.: | 05-1453 (RMU) |
| | : | | |
| | : | Document No.: | 6 |
| v. | : | | |
| | : | | |
| GEORGE W. BUSH *et al.*, | : | | |
| | : | | |
| Respondents/ Defendants | : | | |

## MEMORANDUM ORDER

### Granting the Respondents' Motion to Stay; Entering Protective Order; Ordering 30 Days' Notice of Any Intent to Move Petitioners; and Ordering the Respondents to File Factual Returns

This matter comes before the court on the respondents' motion to stay proceedings pending related appeals and for continued coordination. On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases consolidated for the purpose of that motion. *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an opinion. Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear.

1

In its motion to stay, the government points to the inefficiency of resolving the merits of the instant habeas petition prior to the D.C. Circuit issuing a ruling that will cover similar matters. Resp'ts' Mot. to Stay at 8-10. The government states that during the pendency of the stay the government will not "block counsel access to properly represented petitioners. To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access." *Id.* at 1.

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

The petitioners request that the court order the government to produce factual returns justifying the ongoing detention of the petitioners at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). If, as in this case, the court orders the respondents to show

2

cause in response to a habeas petition, "[t]he person to whom the . . . order is directed *shall* make a return certifying the true cause of the detention." 28 U.S.C. § 2243 (emphasis added).

The government takes the position that

> it makes no sense for the government to process and submit factual returns with respect to these petitioners when the D.C. Circuit will be considering the proper scope of these habeas proceedings, including whether the claims can be dismissed without reference to specific factual returns for petitioners.

Resp'ts' Mot. to Stay at 11. Furthermore, the government argues that requiring submission of factual returns "burdens the government's resources and risks the inadvertent disclosure of classified information." *Id.*

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective order entered in this order will guard against any such inadvertent disclosures. Finally, the government's generic references to the expenditure of its resources and a "logistical burdens," *id.* at 12, does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 19th day of September 2005,

**ORDERED** that the respondents' motion for stay is **GRANTED**; however, this stay shall not prevent the parties from filing any emergency motion for relief; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or

3

implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

ORDERED that the court ENTERS by way of reference the protective ordered previously entered in the other Guantanamo detainee cases. *E.g.*, Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, *In re Guantanamo Detainee Cases*, No. 02-0299 (D.D.C. Oct. 8, 2004); and it is

FURTHER ORDERED that the respondents shall file factual returns regarding the petitioners within 45 days of this order. The court, however, denies without prejudice the petitioners' request for records of the Administrative Review Board Proceedings.

SO ORDERED.

RICARDO M. URBINA
United States District Judge

4

**EXHIBIT C**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SALEED MOHAMMED SALEH | : | | |
| HATIM, *et al.*, | : | | |
| | : | | |
| Petitioners/ | : | | |
| Plaintiffs, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 05-1429 (RMU) |
| | : | | |
| | : | | |
| GEORGE W. BUSH *et al.*, | : | Document Nos.: | 7, 10, 11 |
| | : | | |
| Respondents/ | : | | |
| Defendants | : | | |

## MEMORANDUM ORDER

### GRANTING RESPONDENT'S MOTION TO STAY; DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION; GRANTING PETITIONER'S MOTION FOR ORDER TO SHOW CAUSE

This matter comes before the court on the respondents' motion to stay, the petitioners' motion for a temporary restraining order and the petitioners' motion for order to show cause. This case presents issues similar to those of other Guantanamo detainees litigating in this court. In brief, the petitioner seeks a temporary restraining order requiring the respondents to provide 30 days advance notice of any intent to transfer the petitioners from Guantanamo Bay Naval Base in Cuba.

On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part and denying in part the government's motion to

1

dismiss in eleven cases consolidated for the purpose of that motion. *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an opinion. Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear.

The court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

Also before the court is the petitioners' motion for a writ of habeas corpus or an order to show cause why the writ should not issue. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The government takes the position that

2

> [i]t makes no sense for proceedings related to the merits of these cases, such as the submission of factual returns in response to orders to show cause regarding the issuance of habeas writs, to go forward when decision from the D.C. Circuit on the related Guantanamo detainee appeals, which are proceeding in an expedited fashion, will determine the legal analyses applicable to the cases and, indeed, whether and how these cases should proceed.

Defs.' Mot. to Stay at 9. Furthermore, the government argues that requiring submission of factual returns "burdens the government's resources and risks the inadvertent disclosure of classified information." *Id.* at 11.

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective order entered in this case will guard against any such inadvertent disclosures. Finally, the government's generic references to the expenditure of its resources and a "logistical burden," *id.*, does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 22nd day of August, 2005,

**ORDERED** that the respondents' motion for stay is **GRANTED**; and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, may not remove the

3

petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

**ORDERED** that, in light of this order, the petitioners' motion for preliminary injunction is denied without prejudice as moot, and it is

**FURTHER ORDERED** that the petitioners' motion for an order to show cause is granted, and it is

**ORDERED** that the respondents shall show cause[1] by Monday, August 29, 2005, why the writ should not be granted.

**SO ORDERED**.

RICARDO M. URBINA
United States District Judge

---

[1] "The person to whom the . . . order is directed *shall* make a return certifying the true cause of the detention." 28 U.S.C. § 2243.

4

**EXHIBIT D**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AHMED ABDULLAH AL-WAZAN, ) ) ) Petitioner, ) ) v. ) ) GEORGE W. BUSH, et al., ) ) Respondents. ) ) | Civil Action No. 05-0329 (PLF) |

ORDER

On March 23, 2005, the Court stayed this matter pending resolution of all appeals in In re Guantanamo Detainee Cases, Civil No. 02-0299, et al., 355 F. Supp.2d 443 (D.D.C. 2005), and Khalid et al. v. Bush, Civil No. 04-1142, 355 F. Supp.2d 311 (D.D.C. 2005). On April 11, 2005, petitioner filed a motion requesting that the Order be modified to require respondents to file a factual return within 45 days. Upon consideration of the arguments of the parties and of the entire record in this case, it is hereby

ORDERED that [20] Petitioner's Motion to Modify Order of March 23, 2005 Re: Factual Returns is GRANTED in part; it is

FURTHER ORDERED that the stay entered in this case shall not relieve the government of its obligation to provide petitioner with a factual return while the appeals of related cases are pending; it is

FURTHER ORDERED that respondents shall file a factual return regarding petitioner Ahmed Abdullah Al-Wazan within ninety (90) days of the entry of this Order; and it is

FURTHER ORDERED that [27] Petitioner's Motion For an Order Requiring

Respondents to Disclose Petitioner's CSRT File is DENIED as moot.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 14, 2005

2

**EXHIBIT E**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELHAM BATTAYAV, et al.,                    )
                                           )
      Petitioners,                         )
                                           )
      v.                                   )       Civil Action No: 05-714 (RBW)
                                           )
GEORGE WALKER BUSH, et al.,                )
                                           )
      Respondents.                         )
                                           )

**ORDER**

Currently before the Court is the Respondents' Motion to Stay Proceedings Pending

Related Appeals and for Continued Coordination ("Resp. Mot."); the Petitioners' Opposition to

Respondents' Motion to Stay Proceedings Pending Related Appeals and for Continued

Coordination ("Pet. Opp'n"); and the Respondents' Reply Memorandum in Support of Motion to

Stay Proceedings Pending Related Appeals and for Continued Coordination ("Resp. Reply").

In their motion, the respondents argue that this case should be stayed pending the

resolution of all appeals in Hamdan v. Rumsfeld, 344 F. Supp. 2d 152, 165 (D.D.C. 2004); In re

Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005); Khalid v. Bush, 355 F. Supp.

2d 311 (D.D.C. 2005); and Boumediene v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005).

Specifically, the respondents' contend that "[t]he oucome of the appeals will determine how all

of the Guantanamo detainee cases should proceed, if at all." Resp. Mot. at 8. The petitioners,

however, argue that the case should not be stayed due to the importance and priority of habeas

petitions. Pet. Opp'n at 3. Nevertheless, the petitioners posit that should this Court grant the

1

respondents' motion, the Court should (1) require the respondents to produce factual returns for each petitioner; (2) require the respondents to collect and preserve all documents relating to the petitioners and detainee abuse at Guantanamo Bay; (3) require the respondents to provide the petitioners and their counsel with sixty days' notice of any Administrative Review Board ("ARB") proceeding; and (4) exclude from the stay the petitioners' claims for declaratory and injunctive relief.[1] Pet. Opp'n at 2. Both parties request that this Court enter an order adopting the protective orders as entered and modified by Judge Green in the consolidated cases that were before her. Resp. Mot. at 10; Pet. Opp'n at 15.

After a careful review of the papers submitted by the parties, it is apparent that the resolution of the appeals in the aforementioned cases will directly address many of the legal issues raised in the current petition, including some of the civil claims for injunctive and declaratory relief. In fact, the outcome of these appeals will determine how all of the Guantanamo detainee cases should proceed and will likely provide guidance on petitioners' claims based on the Fifth Amendment, the Geneva Conventions, various provisions of international law, the Alien Tort Statute, 28 U.S.C. § 1350, and the Administrative Procedure Act, 5 U.S.C. § 706. Accordingly, this Court must conclude that all proceedings in this case should be stayed, including any and all matters related to civil claims for injunctive and declaratory relief. Such a stay is in the interest of judicial economy and avoids unnecessary litigation.[2]

---

[1] The petitioners also request that this Court exclude from any stay the petitioners' motion for a preliminary injunction. Because this Court has already ruled on the petitioners' preliminary injunction motion, this request is moot. See May 3, 2005 Order (denying motion for preliminary injunction).

[2] Many other judges of this Court, when presented with a similar question, have ordered stays. See, e.g.,

(continued...)

Turning now to the petitioners' remaining alternative arguments, they suggest that if the respondents' motion is granted, the Court should order the respondents to produce factual returns; require the respondents to collect and preserve all documents relating to the petitioners and the abuse of detainees at Guantanamo Bay; and require the respondents to provide the petitioners and their counsel with sixty days' notice of any ARB proceedings.  Pet. Opp'n at 2.

The respondents contend that "it makes no sense for the government to process and submit factual returns with respect to . . . the petitions . . . when the [District of Columbia] Circuit will be considering the proper scope of these habeas proceedings, including whether the claims of [the] petitioners can be dismissed without reference to specific factual returns for petitioners." Resp. Mot. at 11-12.  In addition, the respondents argue that the submission of factual returns is extremely burdensome and "risks the inadvertent disclosure of classified information." Id. at 12.  When presented with a similar issue, another member of this Court noted that "[a]lthough the Court is sensitive to the concerns of respondents, the factual returns appear necessary for petitioners' counsel effectively to represent petitioners.  Indeed, even initial conversations by counsel with their clients may be very difficult without access to that basic factual information." Al-Anazi v. Bush, 2005 WL 1119602, at *10 (D.D.C. April 21, 2005).  This Court agrees, and must conclude that the government should produce factual returns for the petitioners in this case.

The petitioners' remaining requests—entry of orders requiring the respondents to collect and preserve documents and to provide the petitioners and their counsel with at least sixty days

---

[2](...continued)

Resp. Reply at 4 (cases cited therein).

notice of any ARB proceeding so that counsel for the petitioners can assist them in coordinating their submissions—are not properly before the Court. First, "[a] motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted." Madden v. Wyeth, 2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003) (citing Pepsi-Cola Bottling Co. of Olean v. Cargill, Inc., 1995 WL 783610, at *3-4 (D. Minn. Oct. 20, 1995); Humble Oil & Refining Co. v. Harang, 262 F. Supp. 39, 42-43 (E.D. La. 1966)). In this case, the petitioners simply make a request to preserve documents, but fail to make any showing that the equitable relief they seek is warranted. Pet. Opp'n at 13. In fact, the respondents clearly state for the record that they "are well aware of their obligation not to destroy evidence that may be relevant in pending litigation." Resp. Reply at 12. Moreover, another member of this Court has recently issued an Order requiring the preservation of "all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility." Al-Marri v. Bush, No. 04-2035, at 1-2 (D.D.C. March 7, 2005). This order requires the preservation of all documents relating to detainee abuse, not just the retention of documents relating to the petitioners in that case, thus the respondents are already under an obligation to preserve relevant documents. Accordingly, the Court will deny this request.

The Court must also deny the petitioners' request for an order mandating that the petitioners and their counsel be provided at least sixty days notice of any ARB proceeding so that counsel for the petitioners can assist them in coordinating their submissions. Resp. Opp'n at 13-14. Again, the petitioners simply make this request, but fail to provide any legal support for it. In fact, it appears to the Court that this request is in effect a motion for a preliminary injunction, similar in nature to one previously denied by this Court. See May 3, 2005 Order. However, the

4

petitioners make no attempt to show that they satisfy the criteria for obtaining injunctive releif,

e.g., irreparable harm and likelihood of success on the merits.  In fact, in light of this Court's

holding in Almurbati v. Bush, 2005 WL 851934 (D.D.C. Apr. 14, 2005), this Court questions

whether it can require the Executive branch to provide such notice to the petitioners and their

counsel.  Moreover, two members of this Court have concluded that the petitioners do not have a

Sixth Amendment right to counsel, see In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443,

480 (D.D.C. 2005) (rejecting petitioners Sixth Amendment right to counsel); Khalid, 355 F.

Supp. 2d 311, 323 (D.D.C. 2005) (rejecting all of petitioners' constitutional claims, including his

right to counsel claim), thus, no purpose would be served by requiring advance notice of such

proceedings to counsel.  Khalid, 355 F. Supp. 2d at 323.  Because the petitioners have failed to

provide this Court with any legal authority to justify this request, it must be denied.

Accordingly, it is hereby this 18th day of May, 2005

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to

Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November

8, 2004 in In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004), the Order

Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended

Protective Order, first issued on December 13, 2004 in In re Guantanamo Detainee Cases, and

the Order Addressing Designation Procedures for "Protected Information," first issued on

November 10, 2004 in In re Guantanamo Detainee Cases, shall also apply to this case.  It is

further

**ORDERED** that the respondents' motion to stay is **GRANTED**.  It is further

**ORDERED** that the respondents shall produce factual returns for each petitioner in this

case within 120 days of the entry of this Order.  It is further

      **ORDERED** that the petitioners' requests: (1) to require the respondents to collect and

preserve all documents relating to the petitioners and detainee abuse at Guantanamo Bay; (2) to

require the respondents to provide the petitioners and his counsel with sixty days' notice of any

Administrative Review Board ("ARB") proceeding; and (3) to exclude from the stay the

Petitioners' claims for declaratory and injunctive relief are **DENIED**.  It is further

      **ORDERED** that the petitioners' request that this Court exclude from any stay the

petitioners' motion for a preliminary injunction is **DENIED AS MOOT**.

      **SO ORDERED.**


                               REGGIE B. WALTON
                               United States District Judge

**EXHIBIT F**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAHMOOD AL-MOHAMMED, et al.,

Petitioners,

v.

GEORGE W. BUSH, et al.,

Respondents.

Civil Action 05-00247 (HHK)

MEMORANDUM ORDER

Before the court is respondents' "motion to stay proceedings pending related appeals and

for continued coordination" [#7]. This case is one of at least 50 petitions for writ of habeas

corpus filed by detainees who are in respondents' custody at the United States Naval Base at

Guantánamo Bay, Cuba ("Guantánamo"). On January 19, 2005, Judge Richard Leon issued an

opinion granting respondents' motion to dismiss as to two habeas petitions. *Khalid v. Bush*, 355

F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in eleven

other coordinated cases, granting in part and denying in part respondents' motion to dismiss.

Judge Green held that the petitioner-detainees "have the fundamental right to due process of law

under the Fifth Amendment," *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d at 463, and

that the review proceedings as implemented by the United States military had failed to protect

those due process rights. *Id.* at 468. Subsequently, Judge Green issued an order certifying her

ruling for interlocutory appeal and staying the proceedings in the eleven coordinated cases

pending resolution by the D.C. Circuit of the parties' cross-appeals as well as petitioners' appeal

of Judge Leon's decision in *Khalid*. Respondents correctly point out that a stay is also

appropriate for habeas cases filed after Judge Green's ruling, such as this one, since decisions on

the appeals "will determine the legal analyses applicable to the cases and, indeed, whether and

how these cases should proceed." Resp'ts' Mot. to Stay at 8.

Respondents assure the court that "in seeking a stay . . . respondents do not intend thereby

to block counsel access to properly represented petitioners. To that end, respondents do not

object to entry in these cases of the protective order previously entered in other Guantánamo

detainee cases, along with appropriate supplementary orders, to permit such access." *Id.* at 1.

Respondents do, however, raise two objections to releasing factual returns for petitioners. First,

Respondents claim that "access to factual returns during the appeals is not necessary," *id.* at 11.

Second, they contend that "submission of factual returns would impose significant burdens and

potential risks on the government." Resp'ts' Mot. to Stay at 11.

Respondents' position with respect to the release of factual returns must be rejected.

With respect to the necessity for the returns,  petitioners' counsel must have access to them in

order to develop a meaningful understanding of the "basic factual allegations that underlie Mr.

Al-Mohammed's detention," Pet'rs' Opp'n at 8, and prepare for consultation with their clients.

As for Respondents' contention that the submission of the factual returns "would impose

significant burdens and potential risks on the government," the entry of the protective order

should allay Respondents' fears of inadvertent disclosure of classified or otherwise protected

information. Meanwhile, Respondents' assertion that they "face an immense logistical burden to

process and file the returns," *id.*, is entirely unconvincing in light of the government's

demonstrated capabilities in managing the numerous factual returns that it has already submitted

2

for other petitioner-detainees. *See In re Guantanamo Detainee Cases*, 355 F. Supp. 2d at 451-52.

Accordingly, it is this  30th day of April, 2005, hereby

      **ORDERED**, that respondents' motion to stay is **GRANTED**, except that petitioners may

seek emergency relief from this court in appropriate circumstances; and it is further

      **ORDERED**, that the court enters by way of reference the protective orders Judge Green

issued on November 8, 2004, and December 13, 2004, as well as the order Judge Green issued on

November 10, 2004 addressing designation procedures for "protected" information, except that

the November 2004 deadlines indicated in the latter order are inapplicable; and it is further

      **ORDERED**, that respondents shall file factual returns regarding petitioner-detainee

within 45 days of the issuance of this order.

                                      Henry H. Kennedy, Jr.
                                      United States District Judge

**EXHIBIT G**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MUHAMMAD AL-ADAHI, et al.,          :
                                    :
          Petitioners,              :
                                    :
          v.                        :    Civil Action No. 05-280 (GK)
                                    :
GEORGE W. BUSH, et al.,             :
                                    :
          Respondents.              :
_____:
MAJID ABDULLA AL JOUDI,             :
et al.,                             :
                                    :
          Petitioners,              :
                                    :
          v.                        :    Civil Action No. 05-301 (GK)
                                    :
GEORGE W. BUSH, et al.,             :
                                    :
          Respondents.              :

## ORDER

Petitioners in the above-captioned cases have each requested immediate issuance of a writ of habeas corpus under 28 U.S.C. § 2243 and/or for sanctions based on Respondents' failure to comply with a direct order of this Court. All Petitioners are currently detained at the U.S. Naval Base at Guantanamo Bay, Cuba.

On March 7, 2005, in Civil Action No. 05-280 and in Civil Action No. 05-301, the Court ordered the Government, by March 28, 2005, to show cause why a writ should not be granted. The Government did not comply and instead filed a Motion to Stay

Proceedings. Petitioners in both cases have filed Oppositions to the Motions to Stay, and Respondents have filed Replies.

Upon consideration of the Motions, Oppositions, and Replies, the Court concludes that Respondents' Motions to Stay should be **granted**.

To ensure that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules in In re Guantanamo Detainees Cases, 355 F. Supp.2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp.2d 311 (D.D.C. 2005), it is hereby

**ORDERED** that Respondents shall, by August 1, 2005, or earlier, provide factual returns to Petitioners' counsel supporting the detention of their clients.[1] If necessary and appropriate, such factual returns may be filed under seal; and it is further

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information" entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended

---

[1]    Appellate briefing will be completed by the end of June. No date has been set for oral argument. Thus, it is highly unlikely that the Court of Appeals will have ruled by August 1, 2005. By giving the Government three months to file its factual returns, it will have ample time to complete the administrative tasks involved.   More importantly, Petitioners will not be prejudiced by imposition of the Stay. Their counsel can begin preparing their defense well in advance of any ruling by the Court of Appeals and the delay they fear can be minimized.

Protective Order, issued on December 13, 2004, in <u>In re Guantanamo</u> <u>Bay Detainee Cases</u>, Civil No. 02-0299, <u>et</u> <u>al</u>., by Judge Joyce Hens Green shall apply in this case; and it is further

**ORDERED** that Respondents' Motions to Stay are **granted** pending resolution of all appeals in <u>In Re Guantanamo Detainees Cases</u>, 355 F. Supp.2d 443 (D.D.C. 2005) and <u>Khalid v. Bush</u>, 355 F. Supp.2d 311 (D.D.C. 2005). This stay shall not prevent the parties from filing any motion for emergency relief.


April 29, 2005                     /s/_____
                                   Gladys Kessler
                                   United States District Judge


**Copies via ECF to all counsel**
**of record**

-3-

**EXHIBIT H**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MURAT KURNAZ, et al. | ) ) ) |
| Petitioners, | ) ) |
| v. | )  Civil No. 04-1135 (ESH) |
| GEORGE W. BUSH, et al., | ) ) ) |
| Respondents. | ) ) |
| JAMEL AMEZIANE, | ) ) ) |
| Petitioner, | ) ) |
| v. | )  Civil No. 05-0392 (ESH) ) |
| GEORGE W. BUSH, et al., | ) ) ) |
| Respondents | ) ) |

## ORDER

Petitioners in the above-captioned cases have each requested a preliminary injunction
ordering respondents to provide advance notice of petitioners' transfer from the United States
Naval Base at Guantanamo Bay, Cuba, where they are currently detained. Murat Kurnaz, a
twenty-two year old Turkish citizen who was born and raised in Germany, has been detained in
Guantanamo Bay for more than three years. He requests thirty-days notice to counsel of any
proposed transfer. Jamel Ameziane is a citizen of Algeria and has been detained for more than
two years. Mr. Ameziane is as yet unaware of his representation by counsel. His counsel

-1-

requests that petitioner not be transferred from Guantanamo until counsel has had an opportunity to meet with him to ascertain his interests.

Kurnaz's case was initially consolidated before Judge Joyce Hens Green and has been stayed pending appeal to the United States Court of Appeals for the District of Columbia. *See* Order Granting in Part and Denying in Part Resp'ts' Mot. for Certification of Jan. 31, 2005 Orders and For a Stay, *In re Guantanamo Detainee Cases*, No. 02-0299, *et al.* (D.D.C. Feb. 3, 2005).[1] Since Ameziane's Petition for Writ of Habeas Corpus was filed subsequent to Judge Green's decision, it is not subject to the stay or protective orders entered by her. This Court ordered respondents to show cause by April 1, 2005 why Ameziane's writ should not be granted. (Show Cause Order, Mar. 10, 2005.) Respondents have, however, moved for a stay, which Ameziane opposes. Ameziane has also moved for entry of a protective order. The parties presented oral argument on each of these motions on April 8, 2005.

As neither Ameziane nor respondents oppose entry of protective orders identical to those entered by Judge Green, the Court does so by order below. The Court also concludes that respondents' Motion to Stay should be granted. However, to ensure that the proceedings can continue in an orderly fashion in the event that the detainees prevail on appeal, respondents are ordered to provide factual returns to Ameziane's counsel within ninety days of the date of this Order. Finally, upon consideration of the arguments of the parties, in view of the orders issued

---

[1] The stay entered by Judge Green does not bar the Court's consideration of Kurnaz's motion for injunctive relief. As noted by Judge Collyer, the stay was intended to save time, money, and judicial resources, but "could not be read to also deprive Petitioners of their rights to seek emergency assistance when faced with continued detention at the request of the United States but no venue in which to challenge its legality." *Abdah v. Bush*, 2005 WL 711814, at *4 (D.D.C. Mar. 12, 2005).

by four other judges on this Court granting substantially identical relief as is requested in this

case, *see Al-Marri v. Bush*, No. 04-2035 (D.D.C. Apr. 4, 2005); *Al-Joudi v. Bush*, No. 05-0301

(D.D.C. Apr. 4, 2005); *Al-Oshan v. Bush*, No. 05-0520 (D.D.C. Mar. 31, 2005); *Al-Shiry v. Bush*,

No. 04-0490 (D.D.C. Apr. 1, 2005); *Abdah v. Bush*, 2005 WL 711814 (D.D.C. Mar. 29, 2005),

and for the reasons stated below, the Court concludes that petitioners must be given notice of a

potential transfer in a limited type of circumstance. In particular, if respondents have not reached

a diplomatic understanding with the transferee country that a petitioner's transfer from

Guantanamo is for release only, respondents must provide that petitioner's counsel with thirty

days advance notice of the proposed transfer.

In *Rasul v. Bush*, 124 S. Ct. 2686 (2004), the Supreme Court held that federal courts have

jurisdiction to determine the legality of the ongoing detention of petitioners held in Guantanamo

Bay. *Id.* at 2698. *See also In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443, 464 & 479

(D.D.C. 2004) (Guantanamo detainees possess rights under the Due Process Clause and Geneva

Convention); *Hamdan v. Rumsfeld*, 344 F. Supp. 2d 152, 165 (D.D.C. 2004) (Guantanamo

detainees possess rights under Geneva Convention). Accordingly, the Court must also have

authority to preserve this jurisdiction if it can be shown that respondents are acting to circumvent

it. *See* All Writs Act, 28 U.S.C. § 1651(a); *Al-Marri*, No. 04-2035, slip. op. at 10 n.11 (quoting

*SEC v. Vision Communications, Inc.*, 74 F.3d 287, 291 (D.C. Cir. 1996)) (All Writs Act

"empowers a district court to issue injunctions to protect its jurisdiction"); *Abu Ali v. Ashcroft*,

350 F. Supp. 2d 28, 54 (D.D.C. 2004) (federal courts "may and should take such action as will

defeat attempts to wrongfully deprive parties" of their right to sue in federal court) (internal

citation omitted); *Lindstrom v. Graber*, 203 F.3d 470, 474-76 (7th Cir. 2000) (All Writs Act

permits court to stay extradition pending appeal of habeas corpus petition); *Michael v. INS*, 48 F.3d 657, 664 (2d Cir. 1995) (All Writs Act permits federal Court of Appeals to stay a deportation order pending review of its legality). *Cf.* Fed. R. App. P. 23(a); *Jago v. U.S. Dist. Court*, 570 F.2d 618, 623 (6th Cir. 1978) (Rule 23(a) preserves district judge's authority to issue order regarding custody of prisoner pending review of habeas petition).

Respondents state that some petitioners may be transferred to custody of a foreign government

> for investigation and possible prosecution and continued detention when those governments are willing to accept responsibility for ensuring, consistent with their laws, that the detainees will not continue to pose a threat to the United States and its allies. Such governments can include the government of a detainee's home country, or a country other than the detainee's home country that may have law enforcement or prosecution interest in the detainee.

(Waxman Decl. ¶ 3.) According to respondents, once such a transfer is effected, the Court would lose its jurisdiction. While the Court has no occasion to decide at this time whether this or any other type of transfer could be subject to an injunction, several examples offered by petitioners raise sufficiently serious concerns to justify the limited remedy of advance notice. For instance, a petitioner could be transferred to the custody of a different United States custodian in a foreign country, such as the United States military base in Afghanistan. (*See* Kurnaz Reply at 14.) Alternatively, he could be transferred to the custody of a foreign government, but held under the direction and control of the United States government. *See Abu Ali*, 350 F. Supp. 2d at 69. Or, he could be transferred to the custody of a country where he has never had occasion to violate that country's laws, again raising a possible question as to the governmental claim of an "independent law enforcement" interest. In such narrowly circumscribed circumstances, closer

scrutiny of the transfer might well be appropriate in order to preserve the petitioner's right to obtain review of the legality of his detention.

For these reasons, it is hereby

ORDERED that respondents' Motion to Stay is GRANTED and *Ameziane v. Bush*, No. 05-0392, is STAYED pending resolution of all appeals in *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). This stay shall not, however, prevent the parties from availing themselves of the procedures set forth in the Protective Order entered below, nor shall it bar the filing or disposition of any motion for emergency relief.

It is further ORDERED that respondents shall provide a factual return to the Court and to counsel for Ameziane within ninety (90) days of the date of this Order; and it is further

ORDERED that the Court ENTERS by way of reference the protective order and supplementary orders previously entered in *In re Guantanamo Bay Detainee Cases*, Civil No. 02-0299, *et al.*, by Judge Joyce Hens Green. These include the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information," entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004.

It is further ORDERED that, where respondents do not have an understanding with the receiving country that a transfer from Guantanamo Bay, Cuba is for purposes of release only, respondents shall provide petitioner's counsel with thirty (30) days advance notice of the transfer,

-5-

including the proposed destination and conditions of transfer.

   **ORDERED** that petitioners' motions for preliminary injunctions are **DENIED AS**

**MOOT**.


                                        _____s/_____
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge


Date: April 12, 2005

-6-

**EXHIBIT I**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMIL EL-BANNA** et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | **Civil Action No. 04-1144 (RWR)** |
| ) | |
| **GEORGE W. BUSH** et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| **HANI SALEH RASHID ABDULLAH** ) | |
| et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | **Civil Action No. 05-23 (RWR)** |
| ) | |
| **GEORGE W. BUSH** et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |
| **ABDULLAH IBRAHIM ABDULLAH** ) | |
| **AL RASHAIDAN** et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | **Civil Action No. 05-586 (RWR)** |
| ) | |
| **GEORGE W. BUSH** et al., ) | |
| ) | |
| Respondents. ) | |

-2-

## MEMORANDUM ORDER

Petitioners Jamil El-Banna, Bisher Al-Rawi, Martin Mubanga,[1] Hani Abdullah, Rami Al-Oteibi,[2] and Abdullah Al Rashaidan,[3] in three separate cases seek writs of habeas corpus, challenging the legality of their detention by the United States at Guantanamo Bay Naval Base, Cuba. Respondents moved for a stay of proceedings in each case pending resolution of the appeals in In re Guantanamo Detainee Cases, — F. Supp. 2d — , 2005 WL 195356 (D.D.C. Jan. 31, 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Boumediene v. Bush et al., — F. Supp. 2d — , 2005 WL 100924 (D.D.C. Jan. 19, 2005), appeal docketed, No. 05-5062 (D.C. Cir. March 10, 2005). A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to

---

[1]  Petitioner-detainees in Civil Action No. 04-1144.

[2]  Petitioner-detainees in Civil Action No. 05-23.

[3]  Petitioner-detainee in Civil Action No. 05-586.

-3-

maintain the status quo between the parties). In Civil Action
No. 04-1144, Judge Joyce Hens Green entered a stay order on
February 3, 2005. (Dkt. # 122.) In Civil Action No. 05-23, a
stay was entered on March 16, 2005 that nevertheless allowed
petitioners to seek from this court emergency relief in
appropriate circumstances, such as when petitioners reasonably
believe they will be removed from the jurisdiction of this court.
(Dkt. # 16).[4] In Civil Action No. 05-586, respondents' motion to
stay the proceedings is pending.

In each action, petitioners have moved for a preliminary
injunction to enjoin respondents from transferring any of the
petitioner-detainees from United States custody at Guantanamo Bay
Naval Base to any other location or any other custodian without
providing 30 days notice of the intended transfer or removal.
Petitioners fear that respondents may involuntarily "render" the
detainees to other countries, where they may be subject to
continued detention without due process of law or to mental or
physical abuse, and, by means of transfer, divest this court of
jurisdiction either as a practical or legal matter. Respondents
oppose petitioners' motions for a preliminary injunction.

---

[4] A protective order was entered in that case on the same
day. (Dkt. # 17.)

-4-

Petitioners' fears do not appear fanciful.  Petitioners cite to a report of an investigative journalist describing the rendition of several named individuals who have been transferred in and out of United States custody, a practice respondents have not denied in these proceedings.  Further, respondents concede they have transferred custody of many Guantanamo detainees to foreign sovereigns and assert that such transfer divests this court of jurisdiction over pending habeas corpus petitions. Another press report cited by petitioners, and not denied by respondents, indicates that respondents either have, or had, plans to accelerate the transfer of Guantanamo detainees to other sovereigns and other locations.

The outcome petitioners fear, if realized, would improperly subvert the court's ability to adjudicate these actions on their merits.  See Rasul v. Bush, 124 S. Ct. 2686, 2698 (2004) ("We therefore hold that [28 U.S.C.] § 2241 confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantanamo Bay Naval Base.").  Furthermore, such a result would nullify the stay's purpose of preserving the status quo between the parties.

"It is well established that 'the federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts for the

-5-

protection of their rights in those tribunals.'" <u>Abu Ali v.</u>
<u>Ashcroft</u>, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) (quoting <u>Alabama</u>
<u>Great S. R. Co. v. Thompson</u>, 200 U.S. 206, 218 (1906)).  In
addition, a court may, in appropriate situations, specify
protective conditions in balancing the hardship necessarily
imposed on the party whose suit or execution of judgment has been
stayed pending appeal.  <u>Cooks v. Fowler</u>, 459 F.2d 1269, 1272-73 &
n.27 (D.C. Cir. 1971) (affirming condition of stay requiring
tenant appealing judgment to deposit funds in court registry
pending appeal); <u>see</u> <u>also</u>, <u>City of Portland, Or. v. Federal</u>
<u>Maritime Comm'n</u>, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the
rotation of service among the ports involved pending final review
and determination."); <u>Scott v. Scott</u>, 382 F.2d 461, 462 (D.C.
Cir. 1967) (discussing a stay of execution of judgment
conditioned upon support payments); <u>Center for Int'l</u>
<u>Environmental Law v. Office of the U.S. Trade Rep.</u>, 240 F. Supp.
2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on
party seeking an expedited appeal).  Where, as here, the
condition imposed on the proponent of the stay is "neither heavy
nor unexpected," imposing a protective condition is well within a

-6-

court's discretion.  Cooks v. Fowler, 459 F.2d at 249 (quoting

Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970)

(stating "[w]e have little doubt that . . . [a court] may fashion

an equitable remedy to avoid placing one party at a severe

disadvantage during the period of litigation")).

    Therefore, here

> the court will "guard against depriving the processes
> of justice of their suppleness of adaptation to varying
> conditions." Landis v. North American Co., 299 U.S.
> 248, 256 (1936).  Coextensive with a district court's
> inherent power to stay proceedings is the power to
> craft a stay that balances the hardships to the
> parties.  Id. at 255 (noting concern regarding a stay
> causing "even a fair possibility . . . [of] damage to
> some one else."); see also Clinton v. Jones, 520 U.S.
> 681, 707 (1997) (noting that "burdens [to the parties]
> are appropriate matters for the District Court to
> evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

    ORDERED that respondents' motion for a stay in Civil Action

No. 05-586 (Dkt. # 5) be, and hereby is, GRANTED in part and

DENIED in part.  The proceedings in Civil Action No. 05-586 are

STAYED pending resolution of the appeals pending before the

United States Court of Appeals for the District of Columbia

Circuit, in In re Guantanamo Detainee Cases and Boumediene v.

Bush et al., except that petitioners in Civil Action Nos. 04-1144

and 05-586 may seek emergency relief from this court in

-7-

appropriate circumstances, such as when petitioners have reason
to believe that they are facing the possibility of continued
detention at the request of the United States in a location that
does not provide access to this court.  It is further

ORDERED that in all three cases captioned above,
respondents, their agents, servants, employees, confederates, and
any persons acting in concert or participation with them, or
having actual or implicit knowledge of this Order by personal
service or otherwise, may not transfer or remove the detained
petitioners from United States custody at Guantanamo Bay unless
this court and counsel for petitioners receive thirty days'
advance notice of such transfer or removal.  It is further

ORDERED that, given the ongoing conduct of combatant status
review tribunals, respondents shall file factual returns relating
to each detained petitioner within 30 days after entry of a
protective order in that petitioner's action, unless such returns
have been filed already.  It is further

ORDERED that the motions for a preliminary injunction in all
three cases captioned above (Dkt. # 128, Civil Action No. 04-
1144; Dkt. # 15, Civil Action No. 05-23; Dkt. # 3, Civil Action
No. 05-586) be, and hereby are, DENIED as moot.

-8-

SIGNED this 8th day of April, 2005.

_____/s_____
RICHARD W. ROBERTS
United States District Judge

**EXHIBIT J**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SALEH ABDULLA AL-OSHAN *et al.*,          :
                                                              :
             Petitioners/          :
             Plaintiffs,          :
                                                              :
      v.                          :          Civil Action No.:          05-0520 (RMU)
                                                              :
GEORGE W. BUSH *et al.*,              :          Document No.:          5
                                                              :
             Respondents/          :
             Defendants          :

**ORDER**

Before the court is the petitioners' motion for a writ of habeas corpus or an order to show cause why the writ should not issue. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Accordingly, it is this 22nd day of March, 2005,

      **ORDERED** that the defendants shall show cause by Tuesday, March 29, 2005, why the writ should not be granted.

      **SO ORDERED**.


                                  RICARDO M. URBINA
                                  United States District Judge