UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ABDUL RAHEEM GHULAM RABBANI *et al.*, | : : : | | |
| Petitioners/ Plaintiffs, | : : | Civil Action No.: | 05-1607 |
| v. | : : : | Document No.: | 7 |
| GEORGE W. BUSH *et al.*, | : : | | |
| Respondents/ Defendants. | : : | | |

## MEMORANDUM ORDER

### GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO STAY; ORDERING 30 DAYS' NOTICE OF ANY INTENT TO MOVE PETITIONERS

This matter comes before the court on the respondents' motion to stay proceedings pending related appeals and for continued coordination. On January 19, 2005, Judge Leon issued opinions in *Khalid v. Bush* and *Boumediene v. Bush* granting the government's motion to dismiss petitions for writ of habeas corpus brought by detainees at the United States Naval Station at Guantanamo Bay, Cuba ("GTMO"). *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). On January 31, 2005, Judge Green issued an opinion in *In re Guantanamo Cases*, granting in part and denying in part the government's motion to dismiss in eleven cases consolidated for the purpose of that motion. *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005). The petitioners in the above cases filed notices of appeal, and the D.C. Circuit has yet to issue an

1

opinion.[1]  Accordingly, the state of the law in this circuit concerning the habeas rights of GTMO detainees is unclear.

In its motion to stay, the government points to the inefficiency of resolving the merits of the instant habeas petition prior to the D.C. Circuit issuing a ruling that will cover similar matters.  Respondents' Mot. to Stay at 2.  The government states that during the pendency of the stay the government will not "block counsel access to properly represented petitioners.  To that end, respondents do not object to entry in these cases of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access."  *Id*.  The court agrees, and holds that the proceedings shall be stayed during the pendency of the appeals in this circuit.

The government also takes the position that "it makes no sense for the government to process and submit factual returns with respect to [GTMO detainees] when the D.C. Circuit will be considering the proper scope of these habeas proceedings."  *Id.* at 12.  Furthermore, the government argues that requiring submission of factual returns "burdens the government's resources and risks inadvertent disclosure of classified information."  *Id.* at 13.  The court does not agree, and holds that the government must submit factual returns.

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns.  On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare

---

[1]    The D.C. Circuit, moreover, has yet to consider the court's jurisdiction to entertain writs of habeas corpus brought by or on behalf of aliens detained at Guantanamo Bay.

for any consultation with their clients. As to the government's concerns regarding classified information, the protective order entered in this case will guard against any inadvertent disclosures. Finally, the government's generic references to the expenditure of its resources and a "logistical burden," *id.* at 12, does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Lastly, the court is well aware of the petitioners' concern that the government may remove the petitioners from GTMO in the near future, thereby divesting (either as a matter of law or *de facto*) the court of jurisdiction. Such an outcome would abuse the processes now put in place for the purpose of adjudicating matters on their merits. *See Rasul v. Bush*, 124 S.Ct. 2686 (2004). Accordingly, the court cannot allow such a scenario to unfold; the court will "guard against depriving the processes of justice of their suppleness of adaptation to varying conditions." *Landis v. North American Co.*, 299 U.S. 248, 256 (1936). Coextensive with the district court's inherent power to stay proceedings is the court's power to craft a stay that balances the hardships to the parties. *Id.* at 255 (noting concerns regarding the stay causing "even a fair possibility . . . [of] damage to some one else"); *see also Clinton v. Jones*, 520 U.S. 681, 707 (1997) (noting that "burdens [to the parties] are appropriate matters for the District Court to evaluate in its management of the case").

Accordingly, it is this 16th day of June, 2006,

**ORDERED** that the respondents' motion to stay proceedings is **GRANTED** in part and **DENIED** in part, and it is

**FURTHER ORDERED** that the respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or

implicit knowledge of this Order by personal service or otherwise, may not remove the petitioners from GTMO unless this court and counsel for petitioners receive thirty days' advance notice of such removal; and it is

**FURTHER ORDERED** that the government's factual returns are due on or before August 31, 2006.

**SO ORDERED**.

                                                  RICARDO M. URBINA  
                                                United States District Judge