IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABDUL AL-RAHIM GHULAM RABBANI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1607 (RMU) |
| | ) | |
| GEORGE W. BUSH, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1.     I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC).  In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2.     I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Abdul al-Rahim Ghulam Rabbani that are suitable for public release.  The portions of the record that are classified or considered law enforcement-sensitive are not attached hereto or were redacted by an OARDEC staff member.  This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 13 December 2005

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: 6 2 3

FOR OFFICIAL USE ONLY

1 6 JAN 2005

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 1460**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
     (b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN # 1460 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

13 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:     Director, Combatant Status Review Tribunal
Via:    Legal Advisor

Subj:  LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
          FOR DETAINEE ISN # 1460

Ref:    (a) Deputy Secretary of Defense Order of 7 July 2004
          (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl:   (1) Appointing Order for Tribunal # 21 of 16 November 2004
          (2) Record of Tribunal Proceedings

1.  Legal sufficiency review has been completed on the subject Combatant Status Review
Tribunal in accordance with references (a) and (b).  After reviewing the record of the Tribunal, I
find that:

> a.  The detainee was properly notified of the Tribunal process and affirmatively declined
> to participate.

> b.  The Tribunal was properly convened and constituted by enclosure (1).

> c.  The Tribunal substantially complied with all provisions of references (a) and (b).

> d.  The detainee did not request that any witnesses or evidence be produced.

> e.  The Tribunal's decision that detainee # 1460 is properly classified as an enemy
> combatant was unanimous.

> f.  The detainee affirmatively chose not to participate in the CSRT process and did not
> request that his Personal Representative present evidence or make a statement to the
> Tribunal about the allegations contained in the unclassified summary.  A letter from the
> Personal Representative initially assigned to represent the detainee at Guantanamo Bay,
> Cuba, reflects the detainee's elections and is attached to the Tribunal Decision Report as
> exhibit D-b.  The Tribunal was held *in absentia* outside Guantanamo Bay with a new
> Personal Representative who was familiar with the detainee's file.  This Personal
> Representative had the same access to information, evidence, and witnesses as the
> Personal Representative from Guantanamo Bay.  The detainee's Personal Representative
> was given the opportunity to review the record of proceedings and declined to submit
> post-tribunal comments to the Tribunal.

UNCLASSIFIED

Subj:   LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
        FOR DETAINEE ISN # 1460

2.  The proceedings and decision of the Tribunal as reflected in enclosure (2) are legally
sufficient and no corrective action is required.

3.  I recommend that the decision of the Tribunal be approved and the case be considered final.

BREE A. ERMENTROUT
CDR, JAGC, USNR



# Department of Defense
## Director, Combatant Status Review Tribunals

16 Nov 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #21

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

████████████████, Colonel, U.S. Air Force; President

███████████████, Lieutenant Colonel, U.S. Air Force; Member

███████████████ Major, U.S. Air Force Reserve; Member (JAG)

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

~~SECRET//NOFORN//X1~~

**(U) Combatant Status Review Tribunal Decision Report Cover Sheet**

(U) This Document is UNCLASSIFIED Upon Removal of Enclosure (2).

(U) TRIBUNAL PANEL: ___#21___

(U) ISN#: ___1460___

Ref:   (a) (U) Convening Order for Tribunal #21 of 16 November 2004 (U)
      (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
      (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl:  (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/~~FOUO~~)
      (2) (U) Copies of Documentary Evidence Presented (S/NF)
      (3) (U) Personal Representative's Record Review (U/~~FOUO~~)

1.  (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2.  (U) On 23 November 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #1460 is properly designated as an enemy combatant as defined in reference (c).

3.  (U) In particular, the Tribunal finds that this detainee is associated with al Qaida in support of military operations against the coalition, as more fully discussed in the enclosures.

4.  (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosure (1).



, Col, USAF
Tribunal President

DERV FM: Multiple Sources   ~~SECRET//NOFORN//X1~~
DECLASS: X1

UNCLASSIFIED//~~FOUO~~

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

## (Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: _____#21____

ISN #: _____1460____

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was associated with al Qaida in supporting military operations against the coalition. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information.

## 2. Synopsis of Proceedings

The Tribunal conducted the proceeding on 23 November 2004. The Recorder presented Exhibit R-1 during the unclassified portion of the Tribunal. The Unclassified Summary of Evidence, Exhibit R-1, indicates, among other things, that the detainee is a member of al Qaida and participated in military operations against the coalition.

The detainee did not attend the Tribunal hearing and affirmatively declined to participate. The detainee's decision is reflected on the Detainee Election Form (Exhibit D-a) and the Guantanamo Personal Representative's affidavit (Exhibit D-b). The Personal Representative called no witnesses.

During the classified portion of the Tribunal hearing, the Recorder presented Exhibits R-2 through R-9. The Personal Representative reviewed these exhibits prior to their presentation to the Tribunal. The Personal Representative presented no classified exhibits. The classified exhibits support the assertions on the Unclassified Summary of Evidence and the Tribunal found the detainee is properly classified as an enemy combatant.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

   a. Exhibits: R-1 through R-9, D-a, and D-b.

   b. Testimony of the following persons: None.

UNCLASSIFIED//~~FOUO~~

c. Statement of the detainee: None.

## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The detainee requested no witnesses.

The detainee requested no additional evidence be produced.

## 5. Discussion of Unclassified Evidence

The Recorder offered Exhibit R-1, the Unclassified Summary of Evidence, into evidence during the unclassified portion of the proceeding. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides only conclusory statements without supporting unclassified evidence. The information supporting this indicates that the detainee is a member of al Qaida, that he was part of a planning cell for attacks against U.S. forces, that he was an established al Qaida facilitator, that he was associated with Khalid Shaykh Mohammed for three years, and that he operated multiple safe houses in Karachi, Pakistan. Because there was no other unclassified evidence for the Tribunal to consider, the Tribunal had to look to the classified exhibits to support the assertions on the Unclassified Summary of Evidence and the Tribunal's conclusions.

## 6. Discussion of the Classified Evidence

During the classified portion of the Tribunal hearing, the Recorder presented Exhibits R-2 through R-9. All of the classified exhibits were persuasive and fully supported the assertions on the Unclassified Summary of Evidence and the detainee's statement. Based upon these facts the Tribunal found the detainee is properly classified as an enemy combatant.

## 7. Consultations with the CSRT Legal Advisor

None

## 8. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

a. The detainee chose not to participate in the Tribunal proceeding. No evidence was produced that caused the Tribunal to question whether the detainee was mentally and physically capable of participating in the proceeding, had he wanted to do so. Accordingly, no medical or mental health evaluation was requested or deemed necessary.

UNCLASSIFIED//~~FOUO~~

b. The Personal Representative informed the Tribunal that the detainee understood the Tribunal process but chose not to participate, as indicated in Exhibit D-a and Exhibit D-b.

c. The detainee is properly classified as an enemy combatant because he was associated with al Qaida in supporting military operations against the coalition.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

Colonel, U.S. Air Force
Tribunal President

UNCLASSIFIED//~~FOUO~~

UNCLASSIFIED//FOUO

## DETAINEE ELECTION FORM

**Date:** 17 November 2004

**Start Time:** 0950 hrs

**End Time:** 1020 hrs

**ISN#:** 1460

**Personal Representative:** ███████████ MAJOR, USAF
**(Name/Rank)**

**Translator Required?** YES       **Language?** ARABIC

**CSRT Procedure Read to Detainee or Written Copy Read by Detainee?** YES
-------------------------------------------------------------------------

**Detainee Election:**

☐   **Wants to Participate in Tribunal**

☒   **Affirmatively Declines to Participate in Tribunal**

☐   **Uncooperative or Unresponsive**

**Personal Representative Comments:**

Detainee does not desire to participate in the Tribunal. There are neither witnesses nor
documentary evidence to submit. Detainee was respectful and fully understood the process.

Personal Representative: ████████████████████

Exhibit D-a



22 Nov 04

An initial interview was held with detainee Abu Rahim Moulana Gulam Rabbani (ISN 1460 ~~1450~~) on 17 Nov 04

The detainee spoke the language of the linguist and understood the linguist.

The detainee was reminded that the U.S. government established a Combat Status Review Tribunal to review his designation as an enemy combatant.

The detainee was advised that I am not an attorney nor his advocate, but will assist him in the CSRT process if he chooses to participate.

The detainee was advised that a tribunal of military officers will review his enemy combatant designation even if he chooses not to participate.

The detainee was advised that he will have an opportunity to speak on his own behalf and call witnesses and ask questions of the witnesses and tribunal members.

The detainee was advised that he may choose not to appear at the Tribunal hearing or participate in the CSRT process, but that I could present information on his behalf.

The detainee confirmed that he understood the process as explained to him and did not have any questions.

The detainee affirmatively chose not to participate in the CSRT process (and does not want me to present information on his behalf.) (but requested that I present the following information on his behalf:).

I affirm that the information above is complete and accurate to the best of my knowledge.

////Signed ////

, Major, USAF
Personal Representative #97

17 Nov 04

Exhibit D-b

UNCLASSIFIED

## Combatant Status Review Board

TO:  Personal Representative

FROM:  OIC, CSRT (10 November 2004)

Subject:  Summary of Evidence for Combatant Status Review Tribunal – GULAM RABBANI, Abu Rahim Moulana

1.  Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2.  An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners.  This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3.  The United States Government has previously determined that the detainee is an enemy combatant.  This determination is based on information possessed by the United States that indicates that the detainee is a member of al Qaida and participated in military operations against the United States and its coalition partners.

   A.  The detainee is a member of al Qaida and participated in military operations against the United States and its coalition partners:

      1.  The detainee was a member of al Qaida and was a facilitator for Khalid Shaykh Mohammad for three years.

      2.  The detainee was a member of a ten-to-twelve-member al Qaida cell planning "car bomb" attacks against U.S. forces.

      3.  The detainee was a well known Karachi-based al Qaida facilitator who had transported many al Qaida members from safehouses to the Karachi apartment and would bring money for them to purchase food and would bring clothes, suitcases and other travel gear for the al Qaida members preparing to leave.

      4.  When captured, the detainee was carrying documents that led authorities to two additional al Qaida safehouses where al Qaida members were found and arrested.

      5.  The detainee either operated or resided at six al Qaida safehouses in Karachi with a senior al Qaida lieutenant.
      6.  The detainee knew and associated with senior al Qaida operatives.

4.  The detainee has the opportunity to contest his designation as an enemy combatant.  The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

R1

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on 24 November 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #1460.

 I have no comments.

\_\_\_ My comments are attached.



Name

Signature

24 Nov 04
_____
Date

ISN #1460
Enclosure (3)

UNCLASSIFIED//~~FOUO~~