IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED AHMAD GHULAM RABBANI<br><br>Petitioner,<br><br>v.<br><br>GEORGE W. BUSH, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 05-1607 (RMU)<br>)<br>)<br>)<br>)<br>) |

## **DECLARATION OF TERESA A. McPALMER**

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1.  I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2.  I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Mohammed Ahmad Ghulam Rabbani that are suitable for public release. The portions of the record that are classified or considered law enforcement-sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 14 December 2005

_____
Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: 429

16 JAN 2005

From: Director, Combatant Status Review Tribunal

Subj: REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 1461

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #1461 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

UNCLASSIFIED

14 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 1461

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal # 21 of 16 November 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee affirmatively declined to participate in the Tribunal process and did not request that his Personal Representative present evidence or make a statement.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b).

   d. The detainee did not request that any witnesses or evidence be produced.

   e. The Tribunal's decision that detainee # 1461 is properly classified as an enemy combatant was unanimous.

   f. The detainee affirmatively chose not to participate in the CSRT process and did not request that his Personal Representative present evidence or make a statement to the Tribunal. A letter from the Personal Representative initially assigned to represent the detainee at Guantanamo Bay, Cuba, reflects the detainee's elections and is attached to the Tribunal Decision Report as exhibit D-b. The Tribunal was held *in absentia* outside Guantanamo Bay with a new Personal Representative who was familiar with the detainee's file. This Personal Representative had the same access to information, evidence, and witnesses as the Personal Representative from Guantanamo Bay. The detainee's Personal Representative was given the opportunity to review the record of proceedings and declined to submit post-tribunal comments to the Tribunal.

UNCLASSIFIED

Subj:   LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
        FOR DETAINEE ISN # 1461

2. The proceedings and decision of the Tribunal as reflected in enclosure (2) are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

BREE A. ERMENTROUT
CDR, JAGC, USNR



# Department of Defense
## Director, Combatant Status Review Tribunals

16 Nov 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #21

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

**MEMBERS:**

▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Colonel, U.S. Air Force; President

▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Lieutenant Colonel, U.S. Air Force; Member

▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Major, U.S. Air Force Reserve; Member (JAG)

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

SECRET//NOFORN//X1

### (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (3).

(U) TRIBUNAL PANEL: __#21__

(U) ISN#: __1461__

Ref:   (a) (U) Convening Order for Tribunal #21 of 16 November 2004 (U)
      (b) (U) CSRT Implementation Directive of 29 July 2004 (U)
      (c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
      (2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
      (3) (U) Copies of Documentary Evidence Presented (S/NF)
      (4) (U) Personal Representative's Record Review (U/FOUO)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 17 November 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #1461 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with al Qaida, and participated in military operations against the United States and its coalition partners as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).



Col, USAF
Tribunal President

DERV FM: Multiple Sources     SECRET//NOFORN//X1
DECLASS: X1

UNCLASSIFIED//FOUO

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL:     #21
ISN #:                       1461

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and was affiliated with and supported al Qaida. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The Tribunal conducted the proceeding on 17 November 2004, recessed and reconvened the same day. The Recorder presented Exhibit R-1 during the unclassified portion of the Tribunal. The Unclassified Summary of Evidence, Exhibit R-1, indicates, among other things, that the detainee: is a senior al Qaida operative, that he ran an al Qaida guest house, that he knew and associated with a Karachi-based al Qaida facilitator, that he met with senior al Qaida facilitator Khalid Shaykh Mohammed, and that he was captured by Pakistani authorities in September 2002 in Karachi, Pakistan. The Recorder called no witnesses.

The detainee did not attend the Tribunal hearing and affirmatively declined to participate. He also did not provide the Personal Representative with any statements or evidence to present on his behalf. The detainee's decision is reflected on the Detainee Election Form (Exhibit D-a) and Guantanamo Personal Representative affidavit (Exhibit D-b). The Personal Representative presented no evidence and called no witnesses.

During the classified portion of the Tribunal hearing, the Recorder presented Exhibits R-2 through R-7. These exhibits had been reviewed by the Personal Representative prior to being presented to the Tribunal. The Personal Representative presented no classified exhibits.

After the Tribunal read all of the classified exhibits, the Tribunal requested additional information. The Tribunal was reconvened on 17 November 2004 and in response to the Tribunal's request, the Recorder offered into evidence classified Exhibit R-8, after giving the Personal Representative an opportunity to review the documents. Neither the

UNCLASSIFIED//FOUO

Recorder nor the Personal Representative had any comments on the additional documents. After considering the unclassified and the classified evidence, the Tribunal determined that the detainee is properly classified as an enemy combatant.

3. **Evidence Considered by the Tribunal**

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: R-1 through R-8, D-a and D-b.

    b. Testimony of the following persons: None.

    c. Statement of the detainee: None.

4. **Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses**

The detainee requested no witnesses.

The detainee requested no additional evidence be produced.

5. **Discussion of Unclassified Evidence**

The Recorder offered Exhibits R-1 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Because there was no other unclassified evidence for the Tribunal to consider, the Tribunal had to look to the classified exhibits to support the assertions on the Unclassified Summary of Evidence and the Tribunal's conclusions.

6. **Consultations with the CSRT Legal Advisor**

No issues arose during the course of this hearing that required consultation with the CSRT Legal Advisor.

7. **Conclusions of the Tribunal**

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee chose not to participate in the Tribunal proceeding. No evidence was produced that caused the Tribunal to question whether the detainee was mentally and physically capable of participating in the proceeding, had he wanted to do so. Accordingly, no medical or mental health evaluation was requested or deemed necessary.

UNCLASSIFIED//FOUO

UNCLASSIFIED//~~FOUO~~

    b. The Personal Representative informed the Tribunal that the detainee understood the Tribunal process but chose not to participate, as indicated in Exhibit D-a and Exhibit D-b.

    c. The detainee is properly classified as an enemy combatant because he was affiliated with and supported al Qaida.

**9. Dissenting Tribunal Member's report**

None. The Tribunal reached a unanimous decision.

Respectfully submitted,



Colonel, U.S. Air Force
Tribunal President

## DETAINEE ELECTION FORM

Date: 13-Nov-04
Start Time: 1300
End Time: 1420

ISN#: 1461

Personal Representative: ▊▊▊▊▊▊▊▊
(Name/Rank)

Translator Required? YES     Language? ARABIC

CSRT Procedure Read to Detainee or Written Copy Read by Detainee? YES

**Detainee Election:**

☐ Wants to Participate in Tribunal

☒ Affirmatively Declines to Participate in Tribunal

☐ Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee has elected NOT to participate in Tribunals. He has NO witness request.

Personal Representative: ▊▊▊▊▊▊ [signature]

Exhibit D-a

An initial interview was held with detainee RABBANI, Abd Al Rahim Ghulam (ISN-1461) on 13-Nov-04.

■ The detainee spoke the language of the linguist and understood the linguist.

■ The detainee was reminded that the U.S. government established a Combat Status Review Tribunal to review his designation as an enemy combatant.

■ The detainee was advised that I am not an attorney nor his advocate, but will assist him in the CSRT process if he chooses to participate.

■ The detainee was advised that a tribunal of military officers will review his enemy combatant designation even if he chooses not to participate.

■ The detainee was advised that he will have an opportunity to speak on his own behalf and call witnesses and ask questions of the witnesses and tribunal members.

■ The detainee was advised that he may choose not to appear at the Tribunal hearing or participate in the CSRT process, but that I could present information on his behalf.

■ The detainee confirmed that he understood the process as explained to him and did not have any questions.

■ The detainee affirmatively chose not to participate in the CSRT process and does not want me to present information on his behalf.

I affirm that the information above is complete and accurate to the best of my knowledge.

| ■■■■■■■■■ | 13 NOV 04 |
|---|---|
| LCDR, NC, USN | Date |

Exhibit D-b

UNCLASSIFIED

**Combatant Status Review Board**

TO: Personal Representative

FROM: OIC, CSRT (09 November 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – RABBANI, Abd Al Rahim Ghulam

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that the detainee is a member of al Qaida and participated in operations against the United States and its coalition partners.

   The detainee is a member of al Qaida and participated in military operations against the United States and its coalition partners:

   1. The detainee is a senior al Qaida operative.

   2. The detainee and another al Qaida member ran an al Qaida guesthouse.

   3. The detainee knew and associated with a Karachi-based al Qaida facilitator.

   4. The detainee met with senior al Qaida facilitator Mukhtar, also known as, Khalid Shaykh Mohammed.

   5. The detainee met with Usama Bin Laden on six or seven occasions.

   6. The detainee moved Mujahidin between Afghanistan and Pakistan.

   7. The detainee was detained by Pakistani authorities on 09 September 2002, in Karachi, Pakistan.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

UNCLASSIFIED

Ex: R-1

UNCLASSIFIED//~~FOUO~~

## Personal Representative Review of the Record of Proceedings

I acknowledge that on __22__ November 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #1461.

 have no comments.

___ My comments are attached.


Name

22 Nov 04
Date

Signature

ISN #1461
Enclosure (4)

UNCLASSIFIED//~~FOUO~~